Per Curiam.

Section 2953.03, Bevised Code, provides in part:
“The judge of the trial court in a felony case may, because of the poverty of the defendant, in the interest of justice, order the bill of exceptions and transcript, or either,, paid from the county treasury in the manner provided in Section 2301.24, of the Bevised Code, and order the amount in money so paid charged as costs in the case.”
It is clear from the above-quoted section that the trial court, in hearing an application for a bill of exceptions and transcript to be paid for by the state, must determine from the evidence presented whether the applicant, by reason of poverty, is unable to pay for the same. To be entitled to the benefits provided by the above-quoted section, the applicant must establish by credible proof, presented at the hearing on the application, that the applicant is not able, by reason of poverty, to prepay the cost of the bill of exceptions and transcript.
The hearing provided for in Section 2953.03, supra, is a special proceeding instituted after judgment, which is appeal-able on questions of law. Whether the trial court in the exercise of reasonable discretion was warranted in denying the ap *440 plications can be determined on appeal. The Court of Appeals may refuse to allow mandamus as a substitute for appeal.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Zimmerman, acting C. J., Doyle, Taet, Matthias, Bell, Herbert and O’Neill, JJ., concur.
Zimmerman, J., sitting in the place and stead of Weygandt, C. J.
Doyle, J., of the Ninth Appellate District, sitting by designation in the place and stead of Zimmerman, J.